## The County Commissioners of Calvert County vs. John Gibson.

*Venue — Responsibility of County Commissioners for Injuries arising from the condition of the Public roads — Liability of Road Supervisors under the Act of 1868, ch. 299.*

Where a suit is instituted in one county and removed to another, and the declaration is amended, the *venue* should be laid as of the county in which the suit was instituted.

Where in consequence of the condition of the public roads of a county, a wagon and carriage are injured, the owner thereof is entitled to recover from the county commissioners damages for such injury, provided he used due care and caution whilst travelling over the roads.

The right of action against the county commissioners for injuries resulting from the condition of the public roads, is not taken away by the 8th section of the Act of 1868, ch. 299, which permits the bond of a road supervisor, given for the faithful performance of his duties, to be put in suit for the benefit of any person who may suffer by the neglect of such supervisor to keep the roads in his district in proper order.

APPEAL from the Circuit Court for Prince George's County.

This suit was instituted by the appellee in the Circuit Court for Calvert County, to recover damages from the appellants for injuries done to his wagon and carriage, while they were being used with due care and caution on certain of the public roads in said county. The plaintiff alleged that the defendants had negligently suffered said roads to be out of repair and unmended, so as to be impassable with safety, and that thereby his wagon and carriage were broken. At the instance of the plaintiff, the case was removed to the Circuit Court for Prince George's County, when upon leave of the Court he amended his declaration, laying the *venue* as of Calvert county. To this declaration the defendants demurred. The Court (MAGRUDER, J.,) overruled the demurrer. The

defendants then pleaded "not guilty," and issue was joined thereon.

*Exception:* The plaintiff to maintain the issue on his part, gave evidence tending to show the bad condition of the public roads in Calvert county mentioned in the declaration, and the injuries done to his wagon and carriage while travelling over these roads.

The defendants then proved that at the time of the first breaking. of the wagon of the plaintiff as alleged in the declaration, there was another road leading through the village of Lower Marlborough to the steamboat landing, which was in good travelling condition, over which the plaintiff might have passed without injury to his wagon; that said road had been used by the public for upwards of forty years, and was known to the plaintiff as one of the thoroughfares through said village to the steamboat landing, and was only from three to four hundred yards further to said landing than the road used by the plaintiff.

The plaintiff thereupon offered the following prayer:

If the jury find from the evidence in the cause, that the public roads of Calvert county, mentioned in the declaration, were in bad condition, and not mended and repaired, and that in consequence of such condition of the roads the wagon and carriage of the plaintiff were broken whilst travelling on the said public roads, then the plaintiff is entitled to recover the amount of damage (if any) which the jury may find he sustained by the breaking of his carriage and wagon, whilst so travelling on the said public roads; provided they shall further find from the evidence that the plaintiff used due care and caution at the time.

The defendants also offered the four following prayers:

1. That the plaintiff is not entitled to recover in this action for any damage which he could have avoided by the exercise of reasonable caution and care.

2. If the jury shall find from the evidence that the wagon and carriage of the plaintiff were damaged as alleged, while

being driven over said public roads, the plaintiff is not enti-
tled to recover, if the jury shall further find that said damage
could have been avoided by an exercise of reasonable caution
and care by the plaintiff.

3. If the jury shall find from the evidence that the wagon
and carriage of the plaintiff were damaged as alleged, while
being driven by the plaintiff over the public roads of Calvert
county, mentioned in the declaration, and that said damage
was caused by a want of ordinary care and caution on the
part of the plaintiff, then he is not entitled to recover in this
action, although the jury may find that the said public roads,
at the time of said damage, were out of repair.

4. If the jury find from the evidence in the cause, that the
alleged bad road, on which the plaintiff's wagon was broken,
could have been avoided by using another road leading to
said wharf, which was in good condition, and but a short
distance further, and had been used by the public for upwards
of twenty years, then the plaintiff did not use due care and
diligence, and is not entitled to recover.

The Court granted the prayer of the plaintiff and rejected
the prayers of the defendants, and the verdict and judgment
being for the former, the latter appealed.

The cause was submitted on briefs to BARTOL, C. J.,
BOWIE, BRENT, GRASON, ALVEY and ROBINSON, J.

*Charles S. Parran* and *Samuel H. Berry,* for the appel-
lants.

The appellants, by their demurrer to plaintiff's *narr.,* raised
the question as to their legal responsibility for damages in
actions of this kind. They contended that the *Road Super-
visors* of Calvert county, and not the *County Commissioners* of
Calvert county, were, under the Act of 1868, ch. 299, respon-
sible for such damages.

The Act of 1868, ch. 299, was, by its 10th section, made
applicable to Calvert county. By its 3d section, the *entire*

labor necessary for repairing the public roads of Calvert county was placed under the control and direction of the *Road Supervisors.* Thus the most essential means for keeping these roads in repair were taken from the County Commissioners and given to the Road Supervisors, who are, in consequence thereof, and according to the *reasons* given in the case of *The County Commissioners of Anne Arundel county vs. Duckett,* 20 *Md.,* 468, responsible for damages caused by the public roads not being kept in good repair.

The Act of 1868, ch. 299, sec. 8, prescribes that the bond of a Supervisor "*may* be put in suit for the benefit of any person suffering by the neglect of said Supervisor in keeping the roads in his district in proper order." This Act provides the remedy in this case, and being the only remedy given by statute law, it should have been used. The word "may," in this section, means "must" or "shall," and the remedy proposed is therefore to be regarded as mandatory. *King vs. Barlow,* 2 *Salk.,* 609; *Newburgh Turnpike Co. vs. Miller,* 5 *Johns. Ch.,* 113; *Malcom vs. Rogers,* 5 *Cowen,* 193; *Minor, et al. vs. The Mechanics' Bank of Alexandria,* 1 *Peters' U. S.,* 64; *Mason vs. Fearson,* 9 *Howard U. S.,* 248; 1 *Kent's Comm.,* (11*th edition,*) 509, note *b.*

The amended *narr.* is defective, because the venue is laid as of "*Calvert*" county, when the case was pending in the Circuit Court for Prince George's county at the time of the filing of the *narr.*

The plaintiff's prayer should have been rejected, because it did not require him to prove that he could not have *avoided* the injury by the exercise of reasonable caution and care. *Owings vs. Jones,* 9 *Md.,* 118.

The defendants' prayers should have been granted. *Mayor and City Council of Baltimore vs. Marriott,* 9 *Md.,* 160; *Whiteford vs. Burckmyer and Adams,* 1 *Gill,* 127; *Day and Gorsuch vs. Day,* 4 *Md.,* 262; *Atwell vs. Miller and Mayhew,* 6 *Md.,* 10; *Birney vs. New York and Washington Telegraph Co.,* 18 *Md.,* 341.

County Com'rs of Calvert Co. *vs.* Gibson.

*Henry Williams, Rich'd B. B. Chew* and *James T. Briscoe,* for the appellee.

The liability of the appellants for the damages claimed in the declaration of the appellee is conclusively established by the decision of this Court in *The County Commissioners of Anne Arundel county vs. Duckett,* 20 *Md.,* 469, and the cases cited in support of the opinion in that case. The declaration here is precisely like the declaration in that case, and avers every fact necessary to entitle the plaintiff to recover.

The construction of the Act of 1868, chap. 299, does not arise on the demurrer, and is not raised by any plea or ruling of the Circuit Court. The demurrer concedes that the *appellants* did negligently suffer the public roads in Calvert county, mentioned in the plaintiff's declaration, to be out of repair and unmended, so as to be impassable with safety, whereby the plaintiff, in travelling over said roads with his wagon and horses, and carriage and horses, and using due care, sustained the injury complained of. *Non constat,* that the County Commissioners of Calvert county had appointed any supervisors, as required by law, or had *required* them to give bond, or had *offered* any bond as required by section 8 of said Act, or that they made any levy for the repairs of the public roads in the said county, for the years 1868 and 1869, as required by law.

The Act of 1868, ch. 299, does not in terms, or by reasonable implication, change or diminish the power and authority of the County Commissioners of Calvert county over the public roads and bridges of said county, as defined in the Constitution of 1867, Art. 7, sec. 1, and the several provisions of law relating thereto.

The object of the Act of 1868 is not to change the liability of the county commissioners, nor to take away the right of action against them, but to provide a *cumulative remedy* for the wrongs complained of in the plaintiff's declaration.

The road supervisors are liable to indictment for non-repair of the public roads, and being liable to indictment, an action on the case can be maintained against them by a party sus-

234 · MARYLAND REPORTS.

County Com'rs of Calvert Co. vs. Gibson.

taining any peculiar damage. *County Commissioners of Anne Arundel county vs. Duckett*, 20 *Md.*, 481.

The provision of the Act of 1868, requiring them to give *bond* for the faithful performance of the duties required by that Act, and the right of action thereon for their neglect to keep the roads in repair, gives a new and additional remedy to any person suffering by such neglect; but does not take away in terms, or by any reasonable implication, the existing Common Law remedy against the county commissioners. *Washington and Baltimore Turnpike Co. vs. The State*, 19 *Md.*, 239; *Frazier vs. Warfield*, 13 *Md.*, 279; *Hooper vs. Mayor and C. C. of Balto.*, 12 *Md.*, 464.

The venue is properly laid as of Calvert county. The suit originated there, and the fact of removal for trial to Prince George's County Circuit Court has no effect upon the venue.

The plaintiff's prayer correctly announced the law of the case. The question of due care and caution on the part of the plaintiff is expressly submitted by the proviso to his prayer.

The defendants' first, second and third prayers embrace, substantially, the propositions of law contained in the plaintiff's prayer, but the third is obnoxious to the objection that there is no evidence of a want of ordinary care and caution on the part of the plaintiff in using the said roads, as stated by the prayer. The evidence is all the other way. It is no cause for the reversal of a judgment that the Court below rejected a prayer, even though correct in itself, if, by a previous instruction, which was granted, the Court had given the law of the case to the jury as favorably as the proof admitted. *Pettigrew vs. Barnum, et al.*, 11 *Md.*, 434; *Balto. and Ohio R. R. Co. vs. Resley*, 14 *Md.*, 424; *Keech vs. Balto. and Wash. R. R. Co.*, 17 *Md.*, 32; *Mayor and City Council of Balto. vs. Pendleton & Harlan*, 15 *Md.*, 12.

The *law* of the fourth prayer is wrong, because there was no obligation on the plaintiff to use that road, which is shown by the evidence to have been the longest route to the steam-

boat landing, and at times dangerous to use, in consequence of its miry condition, from the ebb and flow of the tide.

BRENT, J., delivered the opinion of the Court.

This suit was instituted in the Circuit Court for Calvert county, and afterwards removed, upon the affidavit of the plaintiff, to the Circuit Court for Prince George's county. After its removal the plaintiff by leave of the Court filed an amended declaration. To this declaration the defendants demurred; and they contend that the demurrer ought to have been sustained by the Court below, first, because the *venue* is laid as of Calvert county, while the case was pending in Prince George's county, and second, because under the laws of the State they are not liable in this action.

The statement of the *venue* in a declaration is intended to indicate the place or county in which the facts constituting the cause of action are alleged to have occurred, and in which the case is to be tried. The damages in this case are claimed to have resulted from the bad condition of a public road in Calvert county, and the defendants, who are the county commissioners, could only have been sued in that county. The venue was therefore properly stated as of Calvert county. Had it been laid in Prince George's county, it would have been manifestly error. The removal of the case did not affect or change this rule of pleading. 1 *Chit. Plead.*, 268.

The liability of the defendants in this action, it is conceded, is settled by the case of *The County Commissioners of A. A. Co. vs. Duckett*, 20 *Md.*, 468, unless by the terms of the law of 1868, ch. 299, their duties and powers in regard to the public roads have been so materially changed and abridged as to render that decision inapplicable.

In that case the county commissioners were held liable for damages resulting from the condition of a public road, upon the ground that the public roads of the county were under their charge; they being clothed in their corporate capacity with " charge of and control over the property owned by the

county, and over the county roads and bridges," with power to levy the needful taxes to keep them in repair, and with such power and control over the road supervisors, who were then elective, as was sufficient to constitute them, the supervisors, in the eye of the law their agents. None of these powers are abridged or changed by the Act of 1868, unless it be the power of removing the supervisors, about which it is silent. But the supervisors are not therefore the less their agents, for the law of 1868 has specially confided to the commissioners their selection and appointment. In looking at the entire law it will be seen, that the general control and care of the public roads, the levying of needful taxes to keep them in repair, the commutation of labor for teams and carts or wagons, the number of hands to be employed by the supervisors, the amount of their pay and that of the supervisors, are all left to the direction of the commissioners. These embrace the very powers and duties, which were held in the case in 20 *Md.*, to be sufficient to charge the commissioners of Anne Arundel county in an action of damages, and we see nothing in this respect to distinguish the present case from that. But it is said, as the 8th section of the Act of 1868 directs the commissioners to require the road supervisors to give bond to the State, with security to be approved by them, "*which bond may be put in suit* for the benefit of any person suffering by the neglect of the said supervisors, &c," the right of action against the commissioners is thereby taken away, and a party injured must seek his remedy upon the bond of the supervisor. The argument on the part of the appellants is, that the word *may* as used in this section is to be construed to mean *must*. We do not so construe it. There is nothing in the object or purpose of the law, which indicates that the word was used in any other than its ordinary meaning. The remedy given is as effectual as a cumulative remedy, as it would be if by a forced construction of the language it was held to be an exclusive one. The word *may*, when used in statutes, is often construed to mean *must*, but it

is in cases where it is manifestly the intention of the Legislature to impose a positive and absolute duty, and to give a discretionary power. *Minor vs. Mechanics' Bank of Alexandria,* 1 *Peters,* 64. We can see no such manifest intention of the Legislature in the law before us, and do not think there is any reason for giving to the section referred to the construction asked for by the appellants. Its plain language confers a discretionary power, and to give to it any other meaning would be to violate the established rules of construction.

The prayer, which was offered by the plaintiff below and granted by the Court, correctly states the law of this case. All the facts which are necessary to fix the liability of the defendants, and the true amount of damages to be recovered, are fairly and plainly submitted to the finding of the jury. It directs them, if they find from the evidence that the public roads in Calvert county, mentioned in the declaration, were in bad condition, and that in consequence of such condition of said roads the wagon and carriage of the plaintiff were broken whilst travelling on said public roads, then the plaintiff is entitled to recover the amount of damage (if any) which he sustained by such breaking of his carriage and wagon; provided they shall further find from the evidence that the plaintiff used due care and caution whilst so travelling over the said roads.

The first, second and third prayers of the defendants submit only the question of the *due care and caution* of the plaintiff to the jury. As this had already been submitted to them by the prayer of the plaintiff which was granted, these prayers, according to the repeated decisions of this Court, although they may correctly state the law, were properly rejected. The fourth prayer of the defendants asks the Court to instruct the jury if they find "that the alleged bad road, on which the plaintiff's wagon was broken, could have been avoided by using another road leading to said wharf, which was in good condition and but a short dis-

tance further, and had been used by the public for upwards of twenty years, then the plaintiff did not use due care and diligence and is not entitled to recover." This prayer was very properly refused. It is defective in not submitting to the jury to find, that there was any knowledge on the part of the plaintiff that the one road was dangerous, while the other was safe. Without some such knowledge he certainly could not, upon the facts stated in the prayer, be charged with a want of proper care and diligence. Apart from this the prayer is radically wrong. It is no excuse for the defendants, if damage was sustained in the manner set out in the prayer of the plaintiff, to say that another road could have been travelled without accident.

Finding the rulings of the Court below without error, the judgment will be affirmed.

*Judgment affirmed.*

(Decided 18th June, 1872.)