# MARYLAND REPORTS.

The County Commissioners of Baltimore County *vs.* George A. Baker and Mary E. Baker, his Wife.

*Act of 1874, ch. 274, relating to the appointment of Road Supervisors for Baltimore County, &c.—Article 28 of the Code as amended by the Act of 1865, ch. 85—Liability of the County Commissioners of Baltimore County for Injuries occasioned by the want of repair of a Bridge on a public road in the County.*

Assuming that the Act of 1874, ch. 274, relating to the appointment of road supervisors for Baltimore County, and to their powers and duties, upon its passage repealed the antecedent public local law of the county in regard to the repair of roads and bridges therein; and by its second section postponed the appointment of road supervisors thereunder until January, 1876, it does not follow that during the interval between the approval of the Act, and the time when the supervisors were to be appointed, the powers and duties of the County Commissioners over the roads and bridges and their necessary repairs, were suspended in all respects, and that they are to be treated as absolved from responsibility on that account.

The provisions of Article 28 of the Code, amended by the Act of 1865, ch. 85, are operative as the public general law, when not in conflict with the public local law; and there is no conflict between the provisions of said Article of the Code, and the Act of 1874, ch. 274, to prevent the application of the former to Baltimore County, so far as the power of the Commissioners over the repair of bridges and roads is concerned, until they can carry into effect the

1

County Comm'rs of Balto. County *vs.* Baker.

said law of 1874, by the appointment of road supervisors according to its requirement.

A person while crossing a bridge on a public road in Baltimore County, on the 29th of April, 1874, after the Act of 1874, ch. 274, went into effect, was injured. In an action against the County Commissioners to recover damages for the injuries thus sustained, it was HELD :

That under the first section of Article 28 of the Code of Public General Laws, as amended by the Act of 1865, ch. 85, the County Commissioners of Baltimore County had ample authority to appoint such officers and agents as were necessary to keep the bridges on the public roads in proper repair; and it was the duty of the Commissioners to see that such appointees discharged their trust; and if through failure to have the bridge in question properly repaired, the plaintiff while crossing it was injured, the Commissioners were liable.

APPEAL from the Circuit Court for Howard County.

This was an action brought on the 18th of November, 1874, in the Circuit Court for Baltimore County, by the appellees against the appellants, to recover damages for injuries sustained by the appellee, Mary E. Baker, on the 29th of April, 1874, while crossing a bridge on a public road in Baltimore County. The case was removed to the Baltimore City Court, and thence to the Circuit Court for Howard County, where it was tried. The defendants demurred to the declaration ; the demurrer was overruled ; the defendants then pleaded "not guilty," and issue was joined on the plea. The verdict was for the plaintiffs, and judgment was entered accordingly. The defendants appealed. No exceptions were taken.

The cause was argued before BARTOL, C. J., STEWART, BOWIE, ALVEY and ROBINSON, J.

*Henry E. Wootten* and *Fielder C. Slingluff*, for the appellants.

The Act of 1853, ch. 239, incorporated in Article 28 of the Code of Public General Laws, constitutes the general

law of the State, at the present time, prescribing the duties of the County Commissioners of the various counties, and in so far as it is not repealed by any Public Local Law, is to be held applicable to Baltimore County.

The agents necessary to carry out the duty imposed on the Commissioners are provided for under the Act of 1853, ch. 300, incorporated in the Code of Public General Laws Art. 90. They are road supervisors, "whose duty it shall be to superintend and direct the repairs of the public county roads and bridges within his election district in such manner, and under such regulations and restrictions, as may be directed by the County Commissioners."

By the 16th section of the same Act, "the County Commissioners shall have the power to revoke the commission of any road supervisor at any time during his term of office for neglect of duty or malfeasance in office, and shall have power to fill any vacancy that may occur from any cause in the office of road supervisor, for the remainder of the term that shall become vacant."

Under this Act, the road supervisors were elected by the people of the respective counties, but the Act of 1865, ch. 85, gives the Commissioners the power of appointing them, and takes their election from the people.

Here we have, under the general law of the State, ample authority given to the County Commissioners to repair roads and bridges. It was under this state of the law, that the case of the *County Commissioners of Anne Arundel Co. vs Duckett*, 20 *Md.*, 468, was decided. Following the case of the *Mayor and City Council vs. Marriott*, 9 *Md.*, 178, the Court declare that the defendants "were not liable at common law," but that "the statutes of the State fixed their liability," and they held the Commissioners in that case liable, because, under the Acts of 1853, ch. 239 and 300, under which they were acting, there was a concurrence of all the conditions necessary to constitute legal liability; a duty imposed by law, means and agents

placed at their command to execute it, and capacity to sue and be sued, imposed by the Act of their creation.

In the case of *Flynn vs. The Canton Company*, 40 *Md.*, 322, the Court says, "after a careful review of the Maryland decisions, which are above referred to, it is manifest the liability of the corporate authorities in actions like the present, rests not simply upon the ground that a statute has imposed upon them a duty, *but upon the further fact also that it has provided them with the means, and clothed them with the power to enforce or discharge that duty.*"

If then the appellants are clothed with the same or equal powers, which were held sufficient to create liability in *Duckett's Case* they have no case for this Court. But they have no such powers. There is no such concurrence. They have, perhaps, the power to collect means to provide for the opening of new roads, and the building of new bridges, and for the repair of old roads and bridges, but no duty is imposed upon them; the power and control over roads and bridges is absolutely taken from them, and they have no agents given them, even if they had the necessary power, through whom the means could properly be disbursed. Instead of having that *clear* statutory power which is necessary to take them from the rule of the common law, their power is absolutely struck down or at best is impossible of intelligent construction.

The present road law of Baltimore County is contained in ch. 274, of the Acts of 1874. The county has had a local road law for many years. Prior to the adoption of the Code of Public Local Laws, and after its adoption up to the year 1868 this law was to be found in Article 3, Code Local Laws, sections 149 to 157 inclusive. The Act of 1868, ch. 411, repealed these sections, and was in its turn repealed by the Act of 1870, ch. 309, and the Act of 1870 in its turn repealed by the Act of 1874, ch. 274.

This Act of 1874, has been fully recognized by this Court as the present road law of Baltimore County, in the

recent case of *Wade, et als. vs. St. Mary's Industrial School, &c.*, 43 *Md.*, 178. In that case the Court stopped the construction of Wilkens' Avenue, upon which many thousands of dollars had been expended, and which was being constructed under the Act of 1870, on the ground that the Act of 1870 was repealed without any saving clause as to proceedings *in fieri* under it, by the Act of 1874:—That by the Act of 1874, *new officers* with new duties to perform, were created, differing in character, &c., from the officers, &c., contained in the Act of which it was the substitute.

The Act of 1874 took effect from the date of its passage and was approved by the Governor on the 11th of April, 1874, just eighteen days before the accident happened to the appellee. The second section of the Act provides "that the County Commissioners of Baltimore County shall, at their *first meeting in* 1876, and at their first meeting in January of every second year thereafter, appoint for each election district of Baltimore County, *three* competent, sober, discreet and trustworthy persons, residents of said county, and of the election districts for which they may be severally appoined, to act as road supervisors of that district for the term of two years, or until their successors are appointed and qualified." No provision is made for the appointment of the supervisors from the 11th of April 1874, the date of the approval of the Act, to the 1st January, 1876.

The duty "to take charge of, and control over, the county roads and bridges" which was given the Commissioners under the General Act of 1853, ch. 239, and which was so strongly relied upon by the Court in *Duckett's Case* as fixing their liability, is taken from them by the Local Act of 1874, and tranferred to the road supervisors. And these road supervisors, instead of "superintending and directing the repairs of county roads and bridges, in such manner and under such regulations and restrictions

as may be directed by the County Commissioners," as provided by the General Act of 1853, ch. 300, which was also much relied upon by the Court in *Duckett's Case*, are given this charge and control over the roads and bridges, "subject to the approval of the Commissioners." The authority of the Commissioners is merely judicial, to approve of acts when done, and, upon charges preferred, and notice given, and a hearing had, to decide upon removal. They are no longer, in the language of *Duckett's Case*, expressly required to direct the manner of the application of the money raised to repair roads and bridges. This duty is expressly taken from them and given to the supervisors. They have the power to do nothing but to approve or disapprove of the acts of the supervisors.

But not only is the duty not imposed and the power not given, but if there was as perfect a concurrence of the two as is pointed out by the Court in *Duckett's Case*, there would still be lacking the agents through whom to perform this duty and to exercise this power. The supervisors are not to be appointed until January, 1876.

In addition to the absence of the duty and power to take charge and control of the roads and bridges, and of the agents to carry out the provisions of the law, the Act of 1874, is equally imperfect in respect to the means to be expended for this purpose.

*Arthur W. Machen* and *Thomas Donaldson*, for the appellees.

There can be no question that sections one, five and eleven of Article 28 of the Code of Public General Laws, render the appellants liable, unless they are exempted from such liability by some other legislation. *County Comm'rs of Anne Arundel Co. vs. Duckett*, 20 *Md.*, 468; *County Comm'rs of Calvert Co. vs. Gibson*, 36 *Md.*, 229; *Act of 1865, ch.* 85.

The appellants claim to find such exemption in the provisions of the local law of 1874, ch. 274. The Code

OCTOBER TERM, 1875.                    7

County Comm'rs of Balto. County *vs.* Baker.

of Public Local Laws, Article 3, entitled "Baltimore County," sub-title Roads, secs. 149 to 157, contained certain provisions of a special character, which were all repealed, and others substituted for them by the Act of 1868, ch. 411.—And these, in turn, were repealed, by the Act of 1870, ch. 309. Finally, the Act of 1870, ch. 309, was repealed by the Act of 1874, ch. 274, and the provisions of the latter substituted therefor. Consequently all the law on the subject is to be found in the Code of General Laws, Article 28, and in the Act of 1874, ch. 274; the provisions of the general law being in force in Baltimore County, except in so far as operative provisions of the last mentioned local Act may be found inconsistent with them.

Even under the crude and cumbrous scheme of the Act of 1874, ch. 274, or of the repealed Act of 1870, ch. 309, if supposed to be in operation, the County Commissioners would possess such powers, and consequent duties, as would fix them with liability for the negligent omission to repair county bridges, upon the principles of *Duckett's Case* and *Gibson's Case.* One-third of the whole road and bridge fund is kept *directly* under the control of the County Commissioners—Act 1874, ch. 274, sec. 12 ; and when the money from this source in the county treasury is not sufficient, they are authorized to borrow an additional sum upon the credit of the county, to be paid back afterwards out of the general fund—*Ib. sec.* 13. Besides this, all supervisors are to be appointed by the County Commissioners ; all they do is to be subject to the approval of the County Commissoners, (sec. 10,) in whom also a power of removal is vested. (section 6.) And the supervisors are responsible *only* to the County Commissioners. The bond their chairman gives is to the County Commissioners, and contains *no* provision for the benefit of individuals suffering by neglect of the supervisors. See *County Commissioners of Calvert Co. vs. Gibson,* 36 *Md.,* 229.

STEWART, J., delivered the opinion of the Court.

Through some neglect in the repair of a bridge, on one of the public highways of Baltimore County, a severe injury was sustained by one of the appellees.

Suit for the recovery of damages for the negligence, was instituted against the Commissioners of that county, and the only question involved, is whether as the law stood at the time, they were answerable.

It is conceded to be the established law of the State, that the Commissioners are liable, if they possessed the power and had control of the means to have had the bridge repaired. *Duckett's Case,* 20 *Md.,* 468; *Gibson's Case,* 36 *Md.,* 229.

The counsel for the Commissioners have relied upon the Act of 1874, ch. 274, approved the 11th of April, 1874, and to go into effect upon its passage, which was anterior to the accident, occurring the 29th of that month, as repealing the antecedent local legislation for that county, in relation to the appointment of road supervisors, and the control given to them over the roads and bridges, which by the 2nd section of the Act, was not to take place until January, 1876; and that this provision had the effect until that time, at least, to disable the Commissioners from the exercise of authority over the same, and consequently to relieve them of any responsibility for the injury at the time of its occurrence.

There is no occasion in the decision of this case, to construe the effect to be given to the provisions of this Act, or to ascertain therefrom, to what extent, or in what respect, if any, they did then or thereafter, abridge or affect the powers, duties and responsibilities of the County Commissioners over the roads and bridges in that county.— Assuming that the Act did, immediately upon its passage, and without reservation, repeal the antecedent local public law of the county in regard to the repair of roads and bridges therein; and by its 2nd section has postponed the

appointment of road supervisors thereunder, until January, 1876, it does not follow by any means, that, during the interval between its approval and said postponement, the powers and duties of the Commissioners were suspended in all respects, over the roads and bridges, and their necessary repair; and that they are to be treated as absolved from responsibility on that account.

The provisions of the 28th Article of the Code, amended by the Act of 1865, ch. 85, are not repealed, and they operate as the general public law, when not in conflict with the local public law of the county. 1 *Art., Code,* 11*th sec.*

There is no conflict between the provisions of the 28th Article of the Code, and the Act of 1874, ch. 274, to prevent the application of the former to that county, so far as the power of the Commissioners over the repair of bridges and roads is concerned, until they can carry into effect, the law of 1874, by the appointment of road supervisors, according to its requirement.

Under the 1st section of Article 28, of the Code, and its amendment referred to, the County Commissioners are declared to be a corporation, and to have power to appoint supervisors, collectors of taxes, &c., and to have charge and control over the property of the county, and over county roads and bridges, and to have power to appoint all such officers, agents and servants, as are required for county purposes, not otherwise provided for by law or the Constitution.

If there is no other provision of law, to enable the Commissioners to repair a bridge, they have by this section, ample authority to appoint the necessary officers or agents; and whether they are called temporary supervisors or agents is immaterial.

If such appointees are necessary to keep up the bridges, and supervise the roads, so as to enable the inhabitants to travel, it is the duty of the Commissioners to appoint them, and see that they discharge their trust.

Under the 5th section of the same Article, the Commis-sioners are empowered to levy all needful taxes, and by the 11th section, to build and repair bridges.

The 11th section of the Act of 1874, authorizes them to levy a specified sum of money, not less than ten nor more than fifteen cents on the hundred dollars, for the use of the public roads and bridges.

It is not to be presumed that the provisions of the Act of 1874, were ever intended to relieve the Commissioners of these necessary duties, until they were in full operation, and that the public should be subjected to all the inconveniences of bad roads and bridges, as the result.

That Act does not in terms, repeal the provisions of the Code in regard to the duties of the Commissioners; nor is there any necessary implication to that effect.

The Commissioners of Baltimore County had ample power, and the control of adequate means, to have caused the bridge in question to be repaired ; and they must be held liable for the damage occasioned to the appellee from its non-repair.

*Judgment affirmed.*

(Decided 3rd February, 1876.)