THE COUNTY COMMISSIONERS OF ANNE ARUNDEL COUNTY *vs.* HENRY DUVALL.

*County Commissioners—Road Supervisor—Injury sustained through the Negligence of an Employé of a Road Supervisor—Liability of County Commissioners for failure to keep the Public roads in proper repair—Liability of a Road Supervisor for injury done through the Negligence of laborers employed by him.*

The County Commissioners of Anne Arundel County are not liable in damages for an injury sustained by a person travelling on a county road, by reason of the negligence of a laborer, employed by a Road Supervisor to assist him in repairing the road.

The County Commissioners are specially charged by law with the duty of keeping the public roads in proper repair, and safe for the travel of the public; and if they fail to do so, and injury results, they are liable in an action at law not by virtue of any liability at common law, but because they are made so by statute.

The Road Supervisor has his duties defined by law; and in the discharge of those duties he is a public officer, and not the mere agent of the County Commissioners.

County Comm'rs of Anne Arundel County *vs.* Duvall.

Laborers employed by a Road Supervisor to assist him in the discharge of the duties of his office, are his servants, and not those of the County Commissioners; and he is liable for any negligence or unskilfulness in the course of their employment.

APPEAL from the Circuit Court for Anne Arundel County.

This action was brought against the appellants in the Circuit Court for Anne Arundel County, by the appellee, to recover in damages for injuries sustained by him while driving on a public road, by the falling of a tree, through the carelessness of laborers employed by the Road Supervisor in repairing the road. The case was removed to Baltimore County where it was tried.

*Exception.*—The plaintiff offered three prayers, which the Court, (GRASON and YELLOTT, J.,) granted. The defendants offered ten prayers, the fifth, sixth, seventh and ninth of which the Court granted; the others, save the first, which was withdrawn, it rejected. The third and tenth prayers of the defendants which alone were considered by this Court, were as follows :

3. If the jury find from the evidence, that Thomas C. Boone, at the time of the injury complained of by the plaintiff, was the Supervisor of public roads of the road district, embracing the road spoken of by the witnesses, and that the repairs on said road were being done by his direction as Supervisor, the defendants are not responsible in this action, and the verdict must be for them.

10. If the jury find from the evidence that Jefferson Phipps, and the other persons employed in repairing the roads were employed by T. C. Boone, the Supervisor, and not by the defendants, then the plaintiff is not entitled to recover in this action.

The defendants excepted, and the verdict and judgment being for the plaintiff, they prosecuted this appeal.

The cause was argued before BARTOL, C. J., BOWIE, BRENT, MILLER and ALVEY, J.

*S. Thomas McCullough* and *William H. Tuck,* for the appellants.

The third prayer of the appellants asserts the legal proposition that Supervisors, and not the County Commissioners, are responsible for accidents resulting from *negligence in the performance* of their duties as Supervisors.

The cases heretofore decided in this Court for injuries received on public roads, were cases of omission to keep the roads in repair. The distinction is believed to be plain and important on principle, and specially applicable where the law prescribes the duties of Supervisors, and charges them with their performance.

The Code, Art. 28, sec. 1, gives to the Commissioners charge and control over the public property, and over county roads and bridges. But the Act of 1876, ch. 354, being a Public Local law for Anne Arundel County, must prevail if it and the Code conflict. The Act of 1876, in force when this accident happened, would have effect in modifying the application of the decisions heretofore made, even if this were a case of omission of duty by the Commissioners. *Duckett's Case,* 20 *Md.,* 468; *Gibson's Case,* 36 *Md.,* 229.

The law prior to these two cases, did not impose on the Supervisors the same duties that are imposed by the Act of 1876. By this Act, it is made the *duty* of this officer to cause all public roads to be kept cleared, smooth, and in good repair; also culverts, bridges, &c. (*Sec.* 4.)

The same work was performed before, but under the authority of the Commissioners, and not imposed as a duty so fully by Act of Assembly mandatory to the Supervisor. Hence he is not only a public officer, but one whose duties are prescribed by law, amenable not only to the Commissioners, who have the power of appoint-

ment and removal, but directly to the law itself, under sanctions operating immediately upon the officer himself. *Wood on Master and Servant,* 916; *Hardy vs. Kean,* 52 *N. H.,* 370; *Deford's Case,* 30 *Md.,* 179.

But there is a distinction between acts of omission and negligence in performing the duty. In the latter the liability rests on persons doing the act and not on the Commissioners. 52 *N. H.,* 370.

The tenth prayer affirms that the persons who were at work on the road, being employés of Boone, were his agents and not agents of the defendants, and hence, no responsibility attached to them for the alleged negligence. This is based on the hypothesis that Boone is an independent public officer, for whose acts the defendants are not liable.

*Richard J. Gittings* and *Frank H. Stockett,* for the appellee.

Under the Act of 1876, ch. 354, the whole subject-matter of the making and keeping in repair the roads of Anne Arundel County, is under the government and control of the County Commissioners. They appoint, and at pleasure remove the Supervisors. (Sections 2 and 3.) The County Commissioners regulate the prices to be paid by the Supervisors for the hire of teams and laborers. (Section 6.) They determine the general road-tax, and have power under certain provisions to levy additional special taxes upon the several road districts. They put in motion the penal provisions provided for the punishment of Supervisors who may neglect their duty. And in addition to the provisions of this local law, they have the general powers of County Commissioners under the Code.

The liability of the County Commissioners in a case like this is established by the case of *County Commissioners of Anne Arundel County vs. Duckett,* 20 *Md.,* 468; and repeated decisions since.

By the laws of the State, the public highways are placed under the care and management of the Commissioners of the several Counties. *Walter vs. County Commissioners of Wicomico*, 35 *Md.*, 394. It is *their* duty to keep the highway *in good order and condition for the use of the public*, and to adopt the *necessary means* to that end. *Tyson's Case*, 28 *Md.*, 510.

Road Supervisors being the authorized instrumentality for the performance of the duty, "it is the duty of the Commissioners to appoint them, and see that they perform their trust." *County Commissioners of Baltimore Co. vs. Baker*, 44 *Md.*, 9.

It is impossible to draw any substantial distinction between the powers and authority and consequent liability, of the County Commissioners of Anne Arundel under the Act of 1876, in connection with the general law, and their powers and responsibilities under the law as it existed at the time of *Duckett's Case*. *County Commissioners of Calvert County vs. Gibson*, 36 *Md.*, 235 and 236; *vide, Sherman & Redfield on Negligence*, secs. 374, 376; *Whart. Law of Negligence*, sec. 956; *Child vs. City of Boston*, 4 *Allen*, 52; *Meares vs. Coms. of Wilmington*, 9 *Iredell*, 81–86; *Memphis vs. Lasser*, 9 *Hump.*, 757; *Thayer vs. Boston*, 19 *Pick.*, 516; *Flynn vs. Canton Co.*, 40 *Md.*, 319; *Altvater vs. Mayor, &c. of Baltimore*, 31 *Md.*, 462; *Brooks vs. Somerville*, 106 *Mass.*, 274.

BRENT, J., delivered the opinion of the Court.

On the 26th of August, 1878, the appellee, in passing along one of the public roads in Anne Arundel County, at a point where it was being repaired under the direction of the Road Supervisor, was struck and injured by a tree rolling over from a bank, outside the road and elevated about twelve feet above the level of the road-bed.

The tree was cut down by two of the hands engaged in making the repairs, for the purpose of being used to fill up

a wash in the road. A high wind was prevailing at the time, and, as the tree was felled, it was whirled over for several yards in a direction after the appellee, who had passed by the point where it stood, and the "butt end," striking upon his rockaway and crushing it, inflicted upon him considerable personal injury.

The proof is quite sufficient to establish a want of proper care on the part of those engaged in the work. The accident seems to have resulted from their negligence, and not in any way to have been attributable to the fault, or contributory negligence of the appellee.

The third and tenth prayers of the appellants, which were rejected by the Circuit Court, raise the question of the liability of the County Commissioners of Anne Arundel County, upon the assumption that the act complained of was *negligent*, and upon that question will depend the reversal or affirmance of the judgment which was obtained by the appellee.

The cases of *Duckett*, 20 *Md.*, 468, *Gibson*, 36 *Md.*, 229, and *Baker*, 44 *Md.*, 1, are relied upon, on the part of the appellee, as conclusively settling this case. In all those cases the injuries, for which the County Commissioners were held liable, resulted directly from the bad condition of the public roads or bridges. The County Commissioners are specially charged by law with the duty of keeping these in good repair and safe for the travel of the public. *Tyson's Case*, 28 *Md.*, 510 ; *Walter's Case*, 35 *Md.*, 394, *and cases above cited*. If they fail to do so, and injury results, they are liable in an action at law, not by virtue of any liability at common law, but because they are made so by statute. They are not permitted to excuse themselves by the fact that the Road Supervisor is also required by law to keep the public road in repair, and may be made liable in a penalty or in damages for a failure to do so. Their obligation is a paramount and pre-existing one, and cannot be discharged by the failure of another

to do that which they, the Commissioners, are required by law to do. This principle is recognized and applied in the case of the *Mayor and City Council of Baltimore vs. O'Donnel*, 53 *Md.*, 110. And it is the principle lying at the foundation of the cases relied upon by the appellee. Had the injury here resulted directly from the bad and neglected condition of the public road, there would be no doubt of the appellee's right to maintain his action.

But quite a different question arises. The injury here complained of, is not the direct result of a failure to keep the road in proper repair, but is occasioned by a collateral act done by those engaged in repairing it. The responsibility of the Commissioners, if it exists at all, must depend upon the doctrine of *respondeat superior*.

This latter doctrine was very fully examined in a late case before this Court. In *Deford's Case*, 30 *Md.*, 179, the leading authorities are reviewed, and this Court, speaking through Judge ALVEY, says on page 203, "And taking the latter decisions as enunciating the proper distinctions upon the subject, it results from them that the rule *respondeat superior* does not apply where the party employed to do the work, in the course of which the injury occurs, is a contractor, *pursuing an independent employment,* and by the terms of the contract is free to exercise his own judgment and discretion as to the means and assistants that he may think proper to employ about the work, exclusive of the control and direction, in this respect, of the party for whom the work is being done. In such case, the workmen employed by the contractor are *his* servants, and he is liable for any unskilfulness or negligence in the course of their employment, and not the party engaging the contractor to do the work."

The work which was in progress upon the public road, at the time of the injury to the appellee, was under the direction of the Road Supervisor. His office was created, and his duties are fixed by a local law for Anne Arundel

County—the Act of 1876, ch. 354. He receives his appointment from the Commissioners, but secs. 4, 5 and 6, specially designate his duties and powers in the repairing of roads and bridges. Among other things, he is clothed with the duty of hiring hands and teams. The Commissioners are required " to fix and regulate, from time to time, the prices to be paid by Supervisors for the hire of necessary teams and laborers to execute any work under this law," but they do not contract with the laborer or employ his services, or direct what particular laborer or team is to be employed. All this is done by the Supervisor, not in obedience to any regulations and directions from the Commissioners, except as to the price to be paid, but in the discharge of a duty imposed upon him by law. It is difficult, therefore, to see how under the authority of *Deford's Case*, it is possible that the laborers employed by the Supervisor to work upon the public road are to be considered the servants of the County Commissioners, and not the servants of the Supervisor.

In *Wood on Law of Master and Servant*, sec. 458, this doctrine is concisely stated. The author says, " The corporation is not responsible for the acts of its officers in the discharge of the duties imposed upon them by law, except where the duty is purely ministerial. Where the powers or duties of an officer are conferred or *defined by law, he is a public officer,* but where the powers are conferred or the duties defined by the corporation itself, the officer is a mere servant or agent, and the corporation is chargeable for the consequences of his acts within the scope of his authority." And this principle will be found running through all the cases where such a question has arisen.

In the case of *Ball vs. The Town of Winchester*, 25 *N. H.*, 440, it is said, "The surveyor of highways, in performing his official duties, is not the agent of the town, but a public officer, clothed with such powers, and bur-

dened with such duties as the law prescribes. His authority is not derived from the town, nor is he under their control, and he cannot in any proper sense be said to act for or in behalf of the town. His powers in reference to the repairing of highways cannot be enlarged nor abridged by any action of the town upon that subject, and what he does or declines to do in the rightful exercise of his authority, is done or witheld because the law enjoins upon him, and not because he is to act or refrain from acting, in obedience to the injunction of the town." See also *White vs. Inhabitants of Phillipstown,* 10 *Met.,* 110; *Russell vs. The Mayor, &c. of New York City,* 2 *Denio,* 461.

In *Walcott vs. Swampscott,* 1 *Allen,* 101, the facts are not unlike those in the case before us. There the Court decided that the town was not liable in damages for an injury sustained by the carelessness of a laborer employed by a highway surveyor in repairing a highway.

And so in *Barney vs. The City of Lowell,* 98 *Mass.,* 570, where the injury was occasioned by a wagon, carelessly driven by the teamster employed by the superintendent to haul stone for the repair of the highway.

These cases were decided upon the ground that the relation of master and servant did not exist with the town or corporation, and the maxim *respondeat superior* did not apply. 98 *Mass.,* 571. The surveyor or superintendent of the repairs was treated as a public officer with duties defined by law, and not as the agent of the town in the performance of duties defined by them.

This is precisely the condition of the present case. The Road Supervisor has his duties defined by law. In the discharge of those duties he is a public officer and not the mere agent of the Commissioners. The laborers employed upon the highway were employed by him under authority derived from the law and not from the Commissioners.

This made them his servants, and not the servants of the Commissioners; "and he is liable for any negligence or unskilfulness in the course of their employment," and not the County Commissioners.   *Deford's Case*, 30 *Md.*, 203.

The law seems to be clear that the appellee, upon the facts in this case, has no right of action against the County Commissioners of Anne Arundel County.

The judgment will therefore be reversed, without directing a new trial.

*Judgment reversed.*

(Decided 1st July, 1880.)