Mr. Justice Cox
delivered tbe opinion of tbe court.
Tbis was an action to recover damages for an injury caused by a defect in the public highway. Tbe facts are' as follows:
Tbe District of Columbia in 18^4, laid a-brick sidewalk on' the west side of 14th street extending from Boundary street to Park street, and in doing this work a flagstone about 41-feet square was placed on a level with tbe sidewalk over the gutter at tbe intersection of tbe street with Columbia-road, the g.u-tter being about 18 inches deep, at tbe southwest corner of the intersection. Under this flagstone was-a man-hole about 4 feet deep, connected at tbe bottom with tbe sewer..
On tbe evening of January 3, 1883, the plaintiff, who1 resided at Mt. Pleasant, was- on his way home in company with two other persons, walking rapidly. One of his associates stepped on the stone and tilted it up so that the end towards him was lifted; above the. level of the pavement,. *287 Ms foot caught in it, he fell forward and was seriously injured.
At the trial of the case, after the complainant’s testimony was concluded, the defendant moved the court to instruct the jury to return a verdict for the defendant on the ground that plaintiff had, by his own showing, been guilty of contributory negligence, which motion was granted, and a verdict was rendered for the defendant; and the only question before us is as to the correctness of that instruction.
We are not surprised that the case impressed the trial justice in this way, because at first glance the plaintiff does seem to have stated himself out of court. He says that he knew the condition of this stone, that it had been cracked across and had been lying there two or three months in that condition. He says: “I knew I must look out for it,” and in answer to a question by counsel for defendant: “You went along carelessly without paying any attention to it; you did not think of it? ” he answers: “ That is very likely.” That looks very much like saying that he knew that he was bound to take care, and did not take care.
But upon a more deliberate examination of the testimony than can be given in the hurry of a nisi prius trial, this contributory negligence seems to be a question of some doubt.
The law on the subject throws on the defendant, in an action of this kind, the onus of proving contributory negligence, and that proof is not made out by merely showing the knowledge by the complainant of the defect complained of in the highway. If the highway is wholly impassable and in such condition that no reasonable man would attempt to pass it, the plaintiff does it at his own risk. But if it is not, and especially if it is the only access to Ms dwelling, the only duty on his part is the exercise of proper care to avoid accidents, and the burden is upon the defendant, not only to show knowledge of the defect on the part of the plaintiff, but to show, affirmatively, negligence, or the omission to take the proper care.
The law upon the subject is stated pretty fully in the case *288 of Commissioners of Prince George’s County vs. Burgess, 61 Md., 81. That was a case where a man’s horse was so injured by getting into a hole in one of the bridges of Prince George’s county, across which he was driving, that he died; whereupon the appellee sued the appellants for damages* It appears from the record that the appellee knew that the bridge was in a bad and unsafe condition; also that on the morning of the day when the accident occurred, the appellee in passing to Washington crossed the' ford by the side of the bridge instead of crossing the bridge, and late in the evening, when returning, not knowing the state of water in the branch, did not cross the ford, but attempted to cross the bridge, and in doing so injured his horse. The Court of Appeals says:
“It is well settled in this State that the burden of showing contributory negligence on the, part of a plaintiff is on the defendant. Bacon’s Case, 58 Md., 484. This rule has been laid down in suits against railroads for injuries occasioned by them; and we see no reason for establishing a different rule as applied to accidents occasioned by defective county roads and bridges. The presumption that a man will act prudently and with care for his own safety, and will not recklessly rush into destruction, must exist as well in the one case as in the other. The inference of a distinction and of a different rule as applied to suits against a county for defective roads causing injury, which is sought to .be' drawn from the language of the court in Calvert Co. Comrs. vs. Gibson, 36 Md., 229, is unwarranted. * * * If the bridge was wholly impassable and plaintiff knew it, his knowledge- would be conclusive and the case- might have-been taken from the jury; but not for the reason assigned in the prayer. In this case it does not appear from the proof that the bridge was wholly im-passablc; it was unsafe- and had a hole in- it, into which the appellee’s horse fell- and was injured. The simple fact of its existence, with the knowledge of the plaintiff, was not sufficient to bar recovery. It should appear that the hole rendered the bridge practically impassable, to effect a bar because of knowledge. The- *289 hole might possibly have been avoided with ordinary care in driving ; and the knowledge of its existence ought to have prevented carelessness on the part of the plaintiff, and naturally would have induced care on his part; but the onus of showing that such care and prudence was not exercised still rested on the defendants.”
Then after referring to some cases the court says:
“The doetrine to be extracted from all these cases is, that if the defect in the road or bridge be such as to make the same practically impassable, a person takes all the hazard who, with such knowledge, attempts to pass over the road or bridge, and will not be redressed if he is injured. But if the defect be one which does not render the road wholly unfit for use, or the bridge substantially impassable, and is only a defect which might result injuriously if not shunned, in such case it cannot be that a citizen, with business, must remain at his home, and may not make any attempt to use the road or the bridge as his necessity requires. The extent to which a road or bridge is out of repair is always a material question, and upon that depends the effect of a plaintiff’s knowledge upon his right to recover. If the defect was so extensive as to make any attempt to cross reckless, and the plaintiff so knew and still endeavored to cross, we have said already that in such state of proof the case should be withdrawn from the jury; but ordinarily it would be a question for the jury under instructions respecting their duty if they found a particular state of facts. In this case the knowledge of the plaintiff was some evidence of negligence proper to go to the jury to be considered by them in conjunction with the condition of the bridge of which he had knowledge, and to be found a bar only in case they found the bridge from the proof to be wholly unfit for use, and that he knew its true condition. * * * It cannot be that a defect which may make a bridge unsafe to one ignorant of it, and which might be avoided by reasonable care by one aware of its existence, can justify a citizen in making no effort to use the bridge and suing the commissioners for detention because the bridge was not in *290 perfect condition. That involves too much inconvenience to the traveler, and establishes too high a degree of liability on the part of the commissioners. But as this plaintiff knew of the defect, it was for the jury to say whether the defect was such and his knowledge of it such as to make his act so rash as to disentitle him to a verdict.”
On further examination in this case the plaintiff says:
“ I knew that it waddled,” whatever that means, “and that I must look out for it; but as for any clear idea that it was absolutely dangerous, I do not know that I had any such idea.”
It appears that this street was only paved on one side, that is, the side leading to the residence of the plaintiff; that he passed over this place every day and had seen that the stone had a crack in it, and the attention of the police officer of the neighborhood had been called to that fact, and perhaps it had remained there long enough, without proof of that, to raise a presumption of notice to the District of Columbia so as to make a prima facie case of responsibility on the part of the District.
The testimony of the plaintiff amounts simply to this: that he knew that there was a defective stone there and knew that it wabbled or was unsteady as he crossed over it, and therefore he must exercise more care in attempting to cross it. But on this occasion something happened which had not happened before, as far as appears from the evidence. . The person accompanying him stepped upon the far end of the stone, which was not supported under its end but apparently in the middle, and caused it to tilt up, and following that, immediately, his foot was caught under the stone. But ordinarily the stone was flush with the pavement and he exercised care in stepping over it. It is said that he walked along there carelessly and thoughtlessly. The question is, was that carelessness the cause of the injury, or was this accident so sudden that he could not possibly avoid it, or was he bound to foresee and provide for it?
All these are questions of fact or mixed, law and fact which would have to be determined before the court could *291 say peremptorily that the plaintiff had made out a case against himself on his own testimony. It seems to us so doubtful that we think we ought not to withdraw that question from the jury, and that it is only acting on the safe side to send the case back for trial before a jury as to whether contributory negligence was made out upon the complainant’s testimony or can be made out by the defendant’s testimony.
A new trial is therefore ordered.