## THE COUNTY COMMISSIONERS OF HARFORD COUNTY *vs.* HARRY B. HAUSE.

### *Defect in Highway—Liability of County Commissioners.*

The saddle horse of a team, on which plaintiff was riding along a public road, fell into a large hole whereby plaintiff's leg was broken. In an action against the County Commissioners to recover damages for the injuries, the declaration alleging their negligent failure to keep the road in repair as required by the statute, the defendants set up that the dangerous condition of the road was caused by the melting of snow, and that they had no knowledge thereof in time to make repairs. The plaintiff's evidence showed that the road was in an unsafe condition at this point for a month prior to the falling of the snow, and that from March 1st, when the snow was removed to March 10th, the date of the accident, the road was generally regarded as unsafe for travel. *Held*, that the evidence is legally sufficient to show negligence on the part of the defendant in the maintainance of the road, and that the jury were properly instructed that if the defendants could have had knowledge of the dangerous condition of the road, either before or after the snow storm, in time to repair it, by the exercise of ordinary care, before the accident, then their verdict should be for the plaintiff.

*Decided June 26th, 1907.*

Appeal from the Circuit Court for Cecil County (PEARCE, C. J., and ADKINS, J.), where there was a judgment for the plaintiff for $1,500.

*Plaintiff's 1st Prayer.*—If the jury find that at the time of the snow storm, testified to in this case, there were ruts and holes in the public road near Bott's gate of such a character as if allowed to remain, during the winter season, would naturally become dangerous, if the jury shall so find, and of which the defendants or their agents could, by the exercise of ordinary care, have had knowledge in time to have repaired the same before said snow storm, and that the said snow falling upon and melting in said holes and ruts caused the deep hole testified to by the plaintiff's witnesses, and rendered said road unsafe for persons travelling thereon, and that the defendants or their agents could, by the exercise of ordinary care have known of said dangerous condition in time to have repaired the same, and further find that the plaintiff while travelling upon said road in the exercise of ordinary care, fell into said hole and was injured, then their verdict must be for the plaintiff. (*Granted.*)

*Plaintiff's 2nd Prayer.*—If the jury find that the plaintiff was injured while travelling on a public highway of Harford County, and that the defendant negligently failed to keep said highway in repair, and the said injury occurred to the plaintiff in consequence of said negligence, then the plaintiff is entitled to recover, unless the jury further find that the plaintiff by his own negligence directly contributed to the injury. (*Granted.*)

*Defendant's 1st Prayer.*—Amended by the addition of the clause within brackets.

If the jury find that the defect in the road complained of was occasioned by the results of a great snow storm which blocked the roads in Harford County and by the coming out of the frost, and was not caused by the want of the repair of said road prior to the falling of said snow, that then the plaintiff is not entitled to recover in this action [unless the jury shall find that the defendant had sufficient time to have acquired notice of said defect by the exercise of ordinary dili-

gence so as to have repaired said defect before the accident complained of—and in this connection the jury are entitled to take into consideration all the surrounding circumstances.] (*Granted as amended.*)

*Defendant's 3rd Prayer.*—That the duty imposed by law upon the County Commissioners does not require them to make and keep the public roads in perfect condition and repair, but only that they shall use reasonable care and diligence in the exercise of the powers vested in them in regard to the public roads; and in determining whether in this case the commissioners have acted with reasonable care and diligence it is proper for the jury to take into consideration all the surrounding circumstances in evidence before them.   (*Granted.*)

*Defendant's 4th Prayer.*—If the jury find that there had been a great snow storm in Harford County along the road on which the accident complained of is said to have occurred, some time prior to said accident, filling the roads of the county with snow drifts, and that the remains of said snow were still upon the ground and along said road and was melting at the time of said accident, and that the frost was coming out of the ground at the same time, and that the hole in the road complained of was occasioned solely by said melting snow and action of the frost, and that said hole occasioned said accident, that then the defendants were entitled to a reasonable time to have acquired notice of the existence of said hole and time and opportunity to repair it, and that they are not liable in this action unless they failed to repair said hole after having had such notice.   (*Granted.*)

The cause was argued before BRISCOE, BOYD, SCHMUCKER, BURKE and ROGERS, JJ.

*Walter W. Preston* (with whom was *L. Marshall Haines* on the brief ), for the appellant.

*A. Freeborn Brown* and *Albert Constable* (with whom was *M. H. Fahey* on the brief ), for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This is a suit to recover damages for personal injuries received by the appellee, while traveling on one of the public roads of Harford County with wagon and horses.

The declaration contains a single count.  It avers that the County Commissioners of Harford County negligently allowed one of the highways, to-wit, the public highway leading from Havre de Grace to Level in Harford County to become out of repair at a point at a gate of a certain Archer Botts, on the public highway, and negligently permitted the same to remain out of repair and in a dangerous condition for the travelling public for a long time, so that on the 10th day of March, 1905, the plaintiff while in the exercise of due care on his part, while travelling by riding the saddle horse of a four-horse team was injured by the saddle horse falling into a deep and dangerous hole on the highway at and near the gate of Archer Botts, which the defendant had negligently permitted to remain out of repair for a long time and thereby was thrown down, crushed and permanently injured and incurred loss of time and expense in and about the care of his wounds and injuries.

At the trial of the case, the plaintiff presented three and the defendant ten prayers.   The Court below granted the prayers as offered, except the defendant's first prayer, which was modified and as modified was granted.

The action of the Court, in granting the plaintiff's prayers, and in granting the defendant's prayers as modified, under the facts of the case, constitute the first and only bill of exception. The verdict and judgment being in favor of the plaintiff, the defendant has appealed.

The legal propositions involved in this appeal are few and simple, and have been announced by repeated decisions of this Court.

By section 1, of Art. 25, of the Code, the County Commissioners of each county of the State are declared to be a corporation and shall have charge of and control over the property owned by the county and over county roads and bridges, and whenever in their opinion the public interests require or

will be thereby advanced may commit the whole matter of grading and constructing public roads and the repairs thereof, to the charge of competent and scientifically educated, civil engineers who shall direct and manage all such public roads under the immediate control of the County Commissioners.

And by section 2, of the same Article, it is provided, they shall also in their respective counties have control over all the public roads and make such rules and regulations for repairing, clearing, mending and perfecting the same, and providing for the payment of the cost of the same, as they may deem necessary.

The duty imposed upon the County Commissioners of each county in this State, under the sections of the public general law, above quoted, and the legal liability on the part of the county, for injuries resulting from a neglect of duty, to keep the roads in repair and in a safe condition, have been too well settled by the decisions of this Court to need any discussion here.

The law established in *Duckett's case,* 20 Md. 468, has been since followed in a number of cases in this Court, and has become the settled law of the State, applicable to this class of cases.    *Gibson* v. *Co. Commrs.,* 36 Md. 229; *Co. Commrs.* v. *Baker,* 44 Md. 1.

In the case at bar, it is admitted that the public road where the accident happened, was a public highway near Havre de Grace, in Harford County, and was one of the county roads, under the control and in charge of the County Commissioners.

At the time of the accident, the plaintiff was riding the saddle horse of a four-horse team, hauling a load of canned goods to Havre de Grace, when the horse fell into a large hole in the public road, breaking the plaintiff's leg and permanently injuring him.

The defense relied upon by the appellants to exonerate them from liability, is, that during the month of February, 1905, a heavy snow storm prevailed throughout the county, and the dangerous condition of the road on the 10th of March, when the accident occurred, was caused by the melting of the snow

and the thawing of the ground and not to any negligence on their part.

As the case stands from the record, there was evidence tending to show that the road where the accident happened was in an unsafe and dangerous condition for a month prior to the falling of the snow. And that from the first of March, 1905, the date of the removal of the snow, to the 10th of March, 1905, the day of the accident, it was considered out of repair and unsafe for persons to travel. The evidence as set out in the record, was amply sufficient if believed by the jury, to establish negligence on the part of the appellants, in the care and maintenance of the road in question. The accident appears to have been the result of the bad condition of the public road and not in any way due to the fault or negligence of the appellee.

The plaintiff's prayers were properly granted. They fairly and correctly submitted the law of the case bearing upon the defendants' liability and the true rule for the guidance of the jury, in estimating the damages for the injury received.

The defendants' first prayer was properly rejected, as offered. It was granted, as amended, by the insertion of the proviso, that "unless the jury shall find that the defendant had sufficient time to have acquired notice of the said defect by the exercise of ordinary diligence so as to have repaired said defect before the accident complained of and in this connection the jury are entitled to take into consideration all the surrounding circumstances."

The theory of the defendants' case, we think, was fully submitted in their nine granted prayers, and in their first prayer as amended by the Court.

The question of negligence and contributory negligence, was one of fact for the jury to determine from all the evidence and there being no reversible error in the rulings of the Court upon the prayers, the judgment will be affirmed.

*Judgment affirmed with costs.*