JULIUS A. KINLEIN, JOSEPH J. KINLEIN AND JU-
LIUS STENGEL, Co-Partners, Trading as J. A.
Kinlein and Company, *vs.* THE MAYOR AND
CITY COUNCIL OF BALTIMORE et als.

*Municipal Corporations: judgment against—; after tax levy for*
*the year; mandamus; to impel special levy; when*
*not to issue. Baltimore City: Board*
*of Estimates.*

Under the Charter of Baltimore City, section 36 of Article 4
of the Code of Public Local Laws, as amended by Chapter
677 of the Acts of 1904, it is the duty of the Board of Esti-
mates annually between the 1st day of October and the 1st
day of November, to make three money lists, which shall
embrace all monies to be expended for the next ensuing fiscal
year for all purposes by the City, and to cause to be pre-
pared a draft of an ordinance to be submitted to the City
Council, providing appropriations sufficient to meet the
amounts called for by said lists.                     p. 579

The object of creating the Board of Estimates was to provide
for more orderly administration of the City's finances, to
secure more deliberation and careful judgment as to the
expenditure of public money and greater watchfulness and
economy in making the appropriations.           pp. 579-580

When a judgment is recovered against the City of Baltimore
after the time for the making up of the ordinance of estimates
by the Board of Estimates for that year, and after its intro-
duction before the City Council, the orderly and proper pro-
vision for payment of the judgment is to include it in the
ordinance of estimates to be passed for the year next suc-
ceeding; and a mandamus will not be issued to compel a
special tax to be levied for the payment of such judgment.
                                                      p. 580

The writ of mandamus is not accorded as of legal right; it is within the discretion of the Court, not to be used capriciously, but according to rules long exercised at common law.
p. 581

Section 285 of the Acts of 1858 (Article 60 of the Code of 1912), amending the procedure relating to the issue of the writ of mandamus, does not take away the discretion of the Courts to refuse the writ.                    p. 581

The writ is never granted where it is altogether unnecessary, when it would work injustice, where it would be nugatory, or where it would introduce into the municipal administration great confusion and disorder.                    p. 582

*Decided November 13th, 1912.*

Appeal from the Court of Common Pleas of Baltimore City (DOBLER, J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, BURKE, THOMAS and STOCKBRIDGE, JJ.

*George Washington Williams* and *John H. Richardson,* for the appellants.

*Robert F. Leach, Jr.* (with whom was *S. S. Field* on the brief), for the appellees.

BURKE, J., delivered the opinion of the Court.

On the 20th day of June, 1912, the appellants on this record filed in the Court of Common Pleas a petition praying that a writ of *mandamus* be issued directed to the Mayor and City Council of Baltimore, and the Board of Estimates of the city commanding them to make a special levy upon the taxable property of Baltimore City in a sufficient amount to pay a certain judgment mentioned in the petition.

The Mayor and City Council answered the petition, and assigned various reasons why the writ should not be issued. The appellants demurred to the entire answer, and also to each separate paragraph thereof. The Court overruled the demurrer to the whole answer, and also overruled the demurrer to the fifth, sixth and seventh paragraphs; but sustained it as to the eighth and ninth paragraphs.

The cause was then submitted to the Court upon the admissions of the pleadings, and on the 17th day of September, 1912, the Court dismissed the petition and entered a judgment for the respondents for costs. The appeal before us was taken by the petitioners from that judgment.

The appellants, Julius A. Kinlein, Joseph J. Kinlein and Julius Stengel, co-partners, trading as J. A. Kinlein & Company, recovered a judgment in the Court of Common Pleas against the Mayor and City Council of Baltimore on the 2nd day of December, 1911, for the sum of nine hundred and fifty dollars. On the date the petition was filed the judgment, interest and costs amounted to $1,024.20.

It is alleged in the petition that the Mayor and City Council had not paid this judgment or any part thereof, although it had been repeatedly requested to do so, and that it showed no disposition whatever to pay the judgment; that on several occasions on which requests had been made that it pay the judgment, "it was asserted, through the office of the City Solicitor, that there were no funds out of which this judgment, interests and costs could be paid."

The answer of the respondent admitted all the allegations of the petition, except the one that the Mayor and City Council "shows no disposition whatever to liquidate said judgment." This allegation is directly denied.

There is, therefore, upon the pleadings no evidence of a refusal on the part of the City to pay the judgment, nor are there any circumstances which clearly evince an intention on its part not to pay. On the contrary, the answer proceeded to give a full explanation of its failure to pay the petitioners'

claim.   After setting out several reasons why the claim had not been paid, the seventh paragraph of the answer contains the following averments:

"7. That further answering said petition your respondent shows that the judgment herein referred to was entered up subsequent to the making up of the ordinance of estimates by said Board of Estimates and the introduction of the same for passage into the City Council.

"That in fact said ordinance of estimates was approved after its passage by the Council only two days after the date of the entering of the judgment herein referred to.   And your respondent avers that said ordinance of estimates fixed and established its tax rate for the year 1912; that after the passage and approval of said ordinance your respondent was and is without power or authority to enlarge or increase any of the appropriations therein made to provide for the discharge and satisfaction of the judgment referred to herein, and the amounts in said ordinance appropriated to the law department and Board of Estimates are, as already stated, entirely inadequate and insufficient to discharge the judgment referred to, without greatly hampering and embarrassing it in the prosecution of its usual duties and the discharge of its financial obligations."

Under section 36, Article 4 of the Code of Public Local Laws, title "City of Baltimore," sub-title "Charter," as amended by the Act of 1904, Chapter 677, it is made the duty of the Board of Estimates annually between the first day of October and the first day of November to make three money lists, which shall embrace all monies to be expended for the next ensuing fiscal year for all purposes by the City, and to cause to be prepared a draft of an ordinance to be submitted to the City Council providing appropriations sufficient to meet the amounts called for by said lists.

We said in *Baltimore City* v. *Gorter,* 93 Md. 1, that the evident object of the Board of Estimates as a feature of the Charter was to provide a more orderly administration of the finances of the City, to secure more deliberation and careful judgment as to the expenditure of the public money, and

greater watchfulness over and economy in making this expenditure; thereby avoiding, as far as practicable, unnecessary taxation and accumulation of debt by reason of unsystematic methods."

It is the duty of the City to provide by levy for the payment of the appellants' claim; but we are of opinion that under the circumstances disclosed by the record the orderly and proper provision for its payment would be to include it in the ordinance of estimates for the year 1913.

The learned counsel for the appellants have fallen into an error in assuming that their clients are entitled to the writ of *mandamus* merely because the Board of Estimates did not include the claim in the estimates for the fiscal year 1912 and in the ordinance of estimates prepared by them for that year.

Without deciding whether or not the Court would have the power in exceptional cases, where, for example, the city had willfully or deliberately refused to perform its clear duty, to direct a *special* levy to be made, we discover in this record no reason or necessity for resorting in this case to such an unusual and extraordinary procedure.

It must be assumed that the city will provide for the payment of this claim in the appropriation which will very shortly be made for the year 1913, and there was certainly no imperative duty imposed upon the Court to have directed on the 17th day of September, 1912, a special levy to pay a claim, which in the usual course the city would have provided for in less than sixty days in the annual appropriations for the ensuing year.

JUDGE BARTOL, in *Weber* v. *Zimmerman*, 23 Md. 45, in discussing the changes in the law in cases of *mandamus* made by the Act of 1858, Chapter 285, now embodied in Article 60, Code of 1912, said that: "First—That while these material changes have been made by the Code, in the course and manner of proceeding in cases of this kind, the essential nature of the remedy or of the writ is not changed.

It is still what it was at the common law, a prerogative writ, not demandable *ex debito justitiæ,* but granted at all times in the sound discretion of the Court, under the rules long recognized and established at the common law. When the Code therefore directs that, upon the verdict being found in favor of the petitioner, a peremptory writ of *mandamus* shall be granted thereupon without delay, it is not to be understood as taking away the discretion of the Court still to refuse the writ, if for sufficient legal cause it shall appear in its discretion the writ ought not to issue"; and the same distinguished Judge in *Pumphrey* v. *Baltimore,* 47 Md. 145, approved the doctrine announced in *R. R. Co.* v. *Hall,* 91 U. S. 355, that the granting of the writ is *discretionary with the Court,* and it may well be assumed that it will not be unnecessarily granted.

The remedy by *mandamus* is not one which is accorded as of legal right. The granting or withholding of the writ rests largely within the discretion of the Court; but this discretion is not a purely arbitrary one, and cannot be capriciously exercised, but it will not be granted where it is altogether unnecessary, or would work injustice, or would be unavailing or nugatory, or would introduce into municipal administration great confusion or disorder. *Weber* v. *Zimmerman, supra; Brooke* v. *Widdicombe,* 39 Md. 386; *Hardcastle* v. *Md. and Del. R. R. Co.,* 32 Md. 32; 19 Am. & Eng. Ency. of Law, 751.

In *George's Creek C. and I. Co.* v. *Co. Com.,* 59 Md. 255, Judge Alvey said: "The application for the writ being made to the sound judicial discretion of the Court, all the circumstances of the case must be considered in determining whether the writ will be allowed or not; and it will not be allowed unless the Court is satisfied that it is necessary to secure the ends of justice, or to subserve some just and useful purpose."

When the record before us is examined in the light of these principles there can be no doubt that the petition was

properly refused.   To grant the remedy under the facts in this case would be not only unnecessary, but would be to establish a principle that would introduce very great disorder and confusion in the administration of the finances of the city, and subject it to unnecessary expense.   It would accord to every judgment creditor, who had obtained a judgment against the city *after* the appropriations for the ensuing fiscal year had been made in conformity to the charter, the right to have a *special levy* made to pay his judgment. The serious consequences to the public interests and the administration of city affairs, which might result from the recognition of such a doctrine, are manifest.   Instead of one annual levy, which the Charter contemplates, there might be as many levies as there were judgments obtained against the city after the estimates had been made for the ensuing year. This would destroy one of the essential objects of the Board of Estimates, hamper the conduct of city business, and subject the taxpayers to needless expense.   For these reasons the judgment will be affirmed.

*Judgment affirmed, with costs to the appellee.*