ROSCOE F. WALTER *v.* BOARD OF COUNTY COM-
MISSIONERS OF MONTGOMERY COUNTY

[No. 23, October Term, 1941.]

*Decided November 6th, 1941.*

The cause was argued before BOND, C. J., SLOAN,
JOHNSON, DELAPLAINE, COLLINS, FORSYTHE, and MAR-
BURY, JJ.

*Roscoe F. Walter, pro se.*

*Joseph A. Cantrel* for the appellees.

JOHNSON, J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court for Montgomery County sustaining a demurrer filed by appellees to appellant's petition for the writ of mandamus to compel and require the Board of County Commissioners of Montgomery County, specifically named therein, "instanter to make proper repairs to highways Nos. 1 and 2 and render the same safe and usable to the petitioner and the public at the earliest possible date." The petition was filed by appellant as a citizen, taxpayer and resident of the county, whose home was upon a farm one mile from the post office of Derwood, the farm being located upon two highways and designated as Nos. 1 and 2, No. 1 extending from Derwood to Redlands, and No. 2 extending from its junction with the main public paved highway between Redlands and Norbeck to a point where highway No. 2 adjoins No. 1 within one and one-half miles from Derwood. It was alleged that the two highways mentioned were the only ones available to the petitioner for egress from his home by the ordinary mode of travel to all points beyond its termini; that in the vicinity of the petitioner's home eleven other families resided whose situation was similar to petitioner's respecting availability and use of the public roads; that the two roads were mail routes, over which the United States Mail carrier operated daily when the roads were in condition to permit the same; that they were regularly used by school buses in transporting school children of such families living thereon, and that situated along highway No. 1 was a public cemetery served only by that route, and that the petitioner had a right to demand that said highways be kept safe and passable for all ordinary modes of transportation, but that for some weeks previously and at the time of filing the petition both of said highways were in an unsafe and impassable condition and at numerous times within recent weeks the petitioner and other users thereof had found the same

impassable and dangerous and had experienced the situation that their vehicles of travel had been stalled thereon, due to soft and muddy condition of the road-beds, with the result that the safety of the petitioner and other travellers using the highways had been imperiled and their vehicles had been permanently damaged at a great financial cost to them, requiring operators with towing apparatus to remove their vehicles thus stalled on the roads, which had not for this reason been available to them and the Commissioners had exclusive jurisdiction over the roads imposed upon them by law, and it was their duty and obligation to maintain the same in usable and safe condition at all times. The demurrer to that petition challenged the jurisdiction of the court over the subject matter of the suit, and further alleged that the petition on its face showed that the acts sought to be remedied were governmental and not ministerial in character.

A hearing was held on the demurrer and subsequently on April 10th, 1941, the court filed a memorandum and an order sustaining the same and without any further proceedings, the appeal was noted on May 2nd. A motion has been made to dismiss the appeal, because it was not taken from a final judgment, and this we will first consider.

By Article 5, Section 3, Code of Public General Laws of Maryland, it is provided that "any party to a writ of mandamus may appeal; and petitions assigning errors may be filed in civil or criminal cases, in lieu of the formal writs of error heretofore issued in this State, in cases where writs of error were formerly allowed." So that while it is undisputed that an appeal is provided a party to a mandamus proceeding, may he prosecute it before a final judgment is entered granting the same or dismissing the petition? The question was specifically answered by this Court in *Watts v. President, etc., of Village of Port Deposit*, 46 Md. 500. In that case it was distinctly held that to warrant an appeal

there must be a final judgment in favor of the petitioner granting the writ, or a final judgment in favor of the defendant dismissing the petition, and upon the sole ground that there had been no final judgment entered by the court below, the appeal which was taken from the order of the trial court overruling a demurrer to the answer was dismissed. The reason for such holding is obvious and founded in the fact that mandamus is legal rather than an equitable remedy. *Ghingher v. Fanseen,* 166 Md. 519, 172 A. 75. Generally speaking, its most common use is now confined to correct official inaction, and it will not issue where a plain, adequate remedy exists in an ordinary course of law, unless under Code Art. 16, sec. 92, nor will it issue in favor of a party seeking relief, unless he is without other legal remedy, and the duty sought to be enforced is clear and undisputable. Nor will the writ issue to enforce a doubtful right. For this reason, it is held that it is not properly issued to compel the performance of a power, the exercise of which is in the discretion of the officer or board against whom relief is sought, but is available in cases where the action of such officials is capricious, arbitrary or unreasonable, and where the party against whom it is directed fails or refuses to perform a ministerial duty rather than one involving discretion. *Red Star Line v. Baughman,* 153 Md. 607, 139 A. 291; *Sudler v. Lankford,* 82 Md. 142, 148, 33 A. 455; *Devin v. Belt,* 70 Md. 352, 354, 17 A. 375; *Brown v. Bragunier,* 79 Md. 234, 242, 29 A. 7.

Mandamus is not a writ *ex debito jusitiae,* but rests in the sound discretion of the court which must not be arbitrary, but is to be exercised under established rules of law. *Brooke v. Widdicombe,* 39 Md. 386, 404; *Weber v. Zimmerman,* 23 Md. 45, 53; *Hardcastle v. Maryland & Delaware R. R. Co.,* 32 Md. 32, 35.

It, therefore, appearing that the present appeal was taken merely from the order of court sustaining the demurrer and not from a final judgment, it follows that it must be dismissed.

While for the reasons given the dismissal of the appeal is imperative, we deem it necessary in view of the argument, which went to the merits, to indicate our views as to the propriety of the use of mandamus as a remedy in cases of this character.

By Section 1, Code of Public General Laws of Maryland, Article 25, the County Commissioners are charged with the control of the county roads and bridges within their confines, and "whenever in their opinion the public interests require or will be thereby advanced, may commit the whole matter of grading and constructing public roads, and the repairs thereof, and the construction and repairs of public bridges to the charge of competent and scientifically educated civil engineers * * *." And the following section charges them with the control over the public roads, except in incorporated towns, and likewise empowers them to make such rules and regulations for mending and perfecting the same and payment of the costs thereof as they deem necessary. A consideration of the language of the sections referred to is sufficient to demonstrate that it was the legislative intent to entrust to them judgment and discretion as to when and under what circumstances and in what order such repairs were to be made. If it were otherwise an incongruous situation would result, in that the Commissioners duly elected by the people and charged with raising money to repair the roads according to their judgment and discretion would not be permitted to do so, because taxables within the county through proceedings of this character would divest them of their judgment and discretion in spending the money so raised for repairs and thus divert it to roads which the petitioner himself considered were more in need of attention. In *Blundon v. Crosier*, 93 Md. 355, 358, 49 A. 1, this Court held concerning a similar act that under it the Board of County Commissioners for Prince George's County had the power to select for improvement certain roads from the whole number con-

necting within the district, and was not required to apportion the fund equally to the improvement of such connecting roads.

It is undoubtedly true that the duty of the County Commissioners to maintain the roads and bridges under their jurisdiction safe for public travel is imperative and that this duty cannot be delegated to another so as to relieve them from damages sustained by reason of defects thereon. *Eyler v. County Com'rs,* 49 Md. 257, 269, 33 Am. Rep. 249; *Baltimore & Ohio R. Co. v. Howard County Com'rs,* 111 Md. 176, 184, 73 A. 656; *Adams v. Somerset County Com'rs,* 106 Md. 197, 66 A. 695; *Calvert County Com'rs v. Gibson,* 36 Md. 229; *Baltimore County Com'rs v. Baker,* 44 Md. 1; *Anne Arundel County Com'rs v. Duckett,* 20 Md. 468, 475, 83 Am. Dec. 557; *Richardson v. County Com'rs of Kent County,* 120 Md. 153, 87 A. 747.

But while such a duty is regarded as imperative and mandatory it does not follow that the failure of the County Commissioners to carry it out is remediable by mandamus inasmuch as in such cases the legal remedy in a suit for damages is adequate and complete, and as heretofore observed the Commissioners, who, through taxation, raise the money are permitted to apportion it according to their judgment and discretion upon such projects as in their opinion are most deserving and urgent. This consideration alone would in the present case, if it were properly before us, be a sufficient answer to the petition for the writ.

*Appeal dismissed, with costs.*