WILLIAM F. BRACK *v.* BAR ASSOCIATION OF BALTIMORE CITY, INC.

[No. 54, October Term, 1945.]

*Decided December 18, 1945.*

470

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, and HENDERSON, JJ.

*Isaac Lobe Straus* for the appellants.

*S. Ralph Warnken,* with whom was *Lee S. Meyer* on the brief, for the appellee.

COLLINS, J., delivered the opinion of the Court.

This is an appeal from a judgment entered in the Baltimore City Court as a result of the sustaining of a demurrer to a petition for a writ of mandamus.

The petitioner, William F. Brack, was respondent in a suit filed against him in the Circuit Court of Baltimore City, which was still pending. He endeavored to employ an attorney to represent him in that case without success. The then presiding judge of the Circuit Court of Baltimore City refused to hear the petitioner's petition unless he were represented by counsel in the matter of his petition in that case. He, being without counsel, then prepared and filed in the Baltimore City Court a petition for mandamus against the defendant, appellee here. A demurrer and answer were filed to that petition for mandamus by the defendant. While the petition for mandamus was so pending, the judge of the Baltimore City Court sent for Isaac Lobe Straus, Esquire, a member of the Baltimore City Bar, and requested Mr. Straus to act as attorney for the petitioner in the suit for mandamus in

the Baltimore City Court. Mr. Straus complied with the request of the court and entered his appearance for the petitioner in the mandamus case.

The amended petition in the mandamus case now before this Court is quite long and argumentative. For the purposes of this case the material parts of the petition follow. The petitioner as respondent in a suit filed against him in the Circuit Court of Baltimore City has filed a petition in that case setting forth certain grounds for equitable relief in said cause. When the petition came on for hearing the presiding judge refused to hear your petitioner unless represnted by counsel. Although he has diligently tried since the time of said hearing to obtain counsel to represent him and has been willing and able to pay counsel, his efforts have been without success. He applied to the Legal Aid Bureau of Baltimore City, an organization composed of and maintained and operated by members of the Bar of Baltimore City, to refer him to an attorney from the Attorney's Reference List, maintained by that Bureau for aid and assistance in performing and discharging its legal duties, and for which legal services the petitioner was ready and willing to pay. The Legal Aid Bureau is the annual recipient of a substantial part of the fund known as the Community Fund to which, for a considerable number of years, the petitioner has been a regular contributor.

The chief counsel of the said Legal Aid Bureau stated to the petitioner that the Bureau would not assist him until the Bar Association of Baltimore City approved of the action requested. Afterwards the said chief counsel informed the petitioner that the Bar Association was opposed to the Legal Aid Bureau referring him to a lawyer and as a result thereof the said Legal Aid Bureau would take no action. Following this report the petitioner inquired of the president of the Bar Association of Baltimore City why its objection and opposition had been so interposed, which inquiry the Bar Association of Baltimore City refused to answer.

He further states that the Bar Association of Baltimore City is an organization composed of the Bar of Baltimore City instituted and maintained for the purpose of co-operating and aiding the administration of justice in the courts and in promoting and effectuating the protection, security, and benefit of the citizens of Baltimore City, which duty includes the right to be represented by an attorney in court and as a result the petitioner has been deprived of that right. That such action of the Baltimore Bar Association has arbitrarily, unjustly, and wrongfully injured the petitioner and made it impossible for him to obtain counsel, by which the petitioner has been deprived of justice.

He asked "that a Writ of Mandamus may be issued by this honorable Court directed to the said Bar Association of Baltimore City, Inc., commanding it to cancel, with-hold and withdraw its opposition issued by it as aforesaid to the said Legal Aid Bureau of Baltimore City, as the result whereof, as aforesaid, said Bureau has failed and refused to comply with the request made of it as aforesaid by your Petitioner and to perform its proper duty and service to your Petitioner as hereinabove set forth."

To this amended petition the defendant, the Bar Association of Baltimore City, Inc., a body corporate, filed a joint demurrer and answer. The petitioner filed a motion not to receive the defendant's demurrer. The Court sustained the defendant's demurrer to plaintiff's amended petition to amend, and entered a judgment in favor of the defendant for costs of suit. From that judgment the appellant appeals here.

Appellant contends primarily that by reason of the provisions of the Code, Article 60, Sections 3 and 4, "Mandamus," the Court should not have permitted the demurrer to be filed. These sections provide:

"3. The defendant, by the day named in such order, shall file an answer to such petition, fully setting forth all the defenses upon which he intends to rely in resisting such application, which shall be verified by his affidavit.

"4. No defendant shall be allowed on a second application for a mandamus to rely upon any matter by way of defense thereto which he might have relied on in his answer to a previous application for a mandamus by the same petitioner."

Although not specifically provided by statute that a demurrer can be filed to a petition for mandamus, it was certainly not the legislative intent to deprive the defendant of such a remedy and to bring for hearing a case in which it clearly appears on the face of the petition that the petitioner is not entitled to the relief asked. Such interpretation would be an interference with the administration of justice and with the purposes for which courts of law were created. In the case of *Ghinger v. Fanseen,* 166 Md. 519, 172 A. 75, a demurrer was filed to a petition for mandamus, which demurrer was overruled and the writ of mandamus was ordered to be issued. From that order the appeal was taken. Although in that case the right to file a demurrer to a petition for mandamus was not specifically raised, this Court said at page 524 of 166 Md., at page 77 of 172 A., as to writs of mandamus: "Under the modern practice the writ does not issue upon the filing of the petition, but the defendant is laid under a rule to show cause why it should not issue. *Id.;* Code, 1939, Art. 60, Sec. 2. The defendant then is required to file an answer verified by affidavit setting forth all facts relied on as a defense, Code, Art. 60, Sec. 3, and while not expressly so provided by the statute, he may, instead of filing an answer, demur to the petition, *West v. Musgrave,* 154 Md. 42, 139 A. 551." We see no reason to disagree with this statement. The practice of filing demurrers to a petition for mandamus has been resorted to in many cases in this Court, some of which follow: *Pumphrey v. Mayor etc. of Baltimore,* 47 Md. 145, 147, 28 Am. Rep. 446; *Duvall v. Swann,* 94 Md. 608, 616, 51 A. 617; *Beasley v. Ridout,* 94 Md. 641, 648, 52 A. 61; *Cahill v. Mayor and City Council of Baltimore,* 173 Md. 450, 453, 196 A. 305; *Buchholtz v. Hill,* 178 Md. 280, 283, 13 A. 2d 348; *Stark v. Christie et al., Board of*

*Registration,* 179 Md. 276, 282, 19 A. 2d 716; *Walter v. Board of County Commissioners of Montgomery County,* 179 Md. 665, 666, 22 A. 2d 472; *Id.,* 180 Md. 498, 499, 25 A. 2d 682.

In this case the defendant filed a joint demurrer and answer and states in its argument that the reason this was done was because for the record. it desired to answer. Although a combination demurrer and answer is not proper practice at law and we do not countenance this practice, the demurrer alone as filed is properly before this Court.

As to the sufficiency of appellant's petition the demurrer was properly sustained for many reasons. This Court has held many times that although mandamus is a valuable and essential remedy in the administration of justice, it can be resorted to only to supply an appropriate ordinary remedy. It will not be issued if the right be doubtful or the duty discretionary or of a nature to require the exercise of judgment. *George's Creek C. & I. Co. v. Allegany County Commissioners,* 59 Md. 255, 259. The petition for the writ must show both a clear legal right to the petitioner and also an imperative duty on the part of the defendant and unless these rights and duties are clearly established, there is no ground for the issuance of mandamus. *Buchholtz v. Hill,* 178 Md. 280, 288, 13 A. 2d 348, *supra.* It should not be granted to enforce. a doubtful right. It is not granted *ex debito justitiae.* When an act rests in the discretion of a person or depends upon personal judgment, the writ of mandamus will not lie. *Devin v. Belt,* 70 Md. 352, 354, 17 A. 375; *Red Star Line v. Baughman,* 153 Md. 607, 139 A. 291; *Durkee v. Murphy,* 181 Md. 259, 29 A. 2d 253; *Brack v. Wells,* 184 Md. 86, 40 A. 2d 319, 321, 156 A. L. R. 324. An attorney, of course, should never represent a client or accept employment in a case where he thinks the action is groundless or unauthorized. He must exercise his judgment and discretion in determining whether an action should be brought, or, having been brought, should be prosecuted. To bring or prosecute

unauthorized, or fictitious suits or feigned issues is an obstruction of justice and a contempt of court. 2 *Hawkins P. C.*, Chap. 22, Sec. 43; 4 *Bl. Comm.* 134; *Cleveland v. Chamberlain*, 66 U. S. 419; *Butterworth v. Stagg*, 2 *Johns. Cas.* N. Y., 291. We are, of course, not passing upon the case filed in the Circuit Court of Baltimore City, against appellant, as that case is not before us here.

The relief asked for here is that the defendant be required to cancel, withhold, and withdraw its opposition to the recommendation of counsel by the Legal Aid Bureau. But we have no authority to coerce the Bar Association as to what its policy should be as to the recommendation of counsel in any given case. That is the collective judgment of a group of lawyers involving judgment and discretion. It is also difficult to see how such a remedy could be enforced. If attempted to be enforced the result might be inconclusive. The Legal Aid Bureau could only refer petitioner to an attorney and no such attorney could be compelled to represent the petitioner in court, as such representation is a matter of requiring the exercise of judgment and discretion. The writ of mandamus will not be issued to command something which is impracticable. *Schriver v. Mayor and City Council of Cumberland*, 169 Md. 286, 291, and 292, 181 A. 443. Nor will it be issued where it would be unavailing or nugatory. *Kinlein v. Mayor and City Council of Baltimore*, 118 Md. 576, 581, 85 A. 679. Nor will it be issued to accomplish a useless purpose. *Booze v. Humbird*, 27 Md. 1, 4; *Board of Welfare v. Listman*, 175 Md. 473, 477, 2 A. 2d 674.

The Court was clearly correct in sustaining the demurrer to the petition without leave to amend, and giving judgment for the defendant for costs.

*Judgment affirmed, with costs.*