## GRAY *v.* WARDEN OF THE MARYLAND HOUSE OF CORRECTION

[No. 596, September Term, 1966.]

*Decided November 7, 1967.*

The cause was argued before HAMMOND, C. J., and HORNEY, MARBURY, BARNES and McWILLIAMS, JJ.

*Archie D. Williams* for appellant.

*Morton A. Sacks, Assistant Attorney General,* with whom was *Francis B. Burch, Attorney General,* on the brief, for appellee.

PER CURIAM.

The appellant, Mervin C. Gray (Gray), on July 29, 1966, was notified by the appellee, John P. Garrity, Warden of the Maryland House of Correction (Warden), by telegram and a letter that he was suspended from his position as a Correctional Officer I at the Maryland House of Correction without pay pending the filing of formal charges with the Commissioner of Personnel of the State of Maryland. Prior to the notice, Gray had been employed as a Correctional Officer I at the House of Correction for about four years. No formal charges having been filed, Gray, on August 29, 1966, filed a petition in the Superior Court of Baltimore City against the Warden for the issuance of a writ of mandamus to command and direct the Warden to restore Gray forthwith to his position at the House of Correction and to pay Gray his full salary for the period of the alleged illegal suspension. The Warden in his answer to Gray's petition, asserted his right to suspend Gray under the provisions of the Maryland Code and alleged that on September 2, 1966, charges and specifications for Gray's removal as a permanent employee of the State were filed in the office of the Commissioner of Personnel (a copy of these charges and specifications were attached as an exhibit) in which proceeding the validity of Gray's suspension without pay and his present and future status as a permanent employee of the State would be litigated and determined and that the writ of mandamus could not lawfully issue under these circumstances.

After a hearing, Chief Judge Foster, on September 22, 1966, denied Gray's petition, and a judgment absolute was entered for the defendant for costs. A timely appeal was taken from that judgment to this Court.

Subsequent to the trial court's decision, the charges filed against Gray were heard before the State Commissioner of Personnel. On November 1, 1966, the Commissioner of Personnel filed an order permanently separating Gray from the classified service of the State effective on the date of his suspension, July 29, 1966. These last two occurrences do not appear in the record but it was stated at the argument that the parties agreed that they should be brought to the Court's attention.

Code, Article 64A, Section 33 reads in relevant part, as follows:

"No employee who has completed his probation may be permanently removed from the classified service except for cause, upon written charges and after an opportunity to be heard in his own defense."

Rule 48 of the State Employees Personnel Rules promulgated by the Commissioner of Personnel pursuant to Code, Article 64A, Section 11, provides as follows:

"Charges for the removal of an employee as provided in Section 33 of Article 64A, shall be filed in triplicate and the Commissioner shall forthwith mail one copy by registered or certified mail to the last known address of the employee against whom the charges are brought. Such charges shall state specifically the paragraph of Rule 47, if applicable, under which the removal is asked and the specific acts which constitute cause for removal; such notice shall also advise the employee that he may, within five days from the date on which the return receipt or other evidence of delivery is received by the Commissioner, request an opportunity to be heard in his own defense. *The appointing authority may suspend with or without pay the employee against whom charges are filed, pending the decision of the Commissioner."* (Emphasis supplied).

Rule 48 requires the Commissioner at the request of the employee within ten days, if practicable, and in any case within 90 days, either himself or by a person appointed by him to investigate the charges and give the employee an opportunity at a hearing to be heard in his own defense.

Gray earnestly urges that the statutory provision is plain and unambiguous and does not provide for the suspension of employees without pay pending the filing of charges against the employee. Hence, Gray urges, Rule 48 of the State Employees Personnel Rules purporting to give the appointing authority power to suspend with or without pay any employee against whom charges are filed pending the Commissioner's decision, is invalid, or not applicable to the 32 days of pay for the period prior to the filing of charges.

We do not reach these interesting questions, as we are of the opinion that Gray was not entitled to the issuance of the writ of mandamus as prayed in his petition.

The propriety of the suspension either with or without pay was properly before the Commissioner of Personnel pursuant to Rule 48 and the proceeding to make this determination, in which he could give Gray full relief, was pending before the Commissioner on September 22, 1966, when the trial court heard the mandamus proceeding.

Our predecessors have held that when the petitioner has a specific and adequate remedy to meet the justice of the particular case, the writ of mandamus will not issue. *Brack v. Wells,* 184 Md. 86, 40 A. 2d 319, 156 A.L.R. 324 (1944) ; *Walter v. Montgomery County,* 179 Md. 665, 22 A. 2d 472 (1941). See also *State, ex rel. Arnold v. Warden of Maryland Penitentiary,* 195 Md. 700, 72 A. 2d 700 (1950). This is the situation in the case at bar as the Commissioner of Personnel had ample power to give Gray full and complete relief in the proceeding pending before him when the mandamus case was heard before the trial court.

*Judgment affirmed, the appellant to pay the costs.*