MILLER AND MILLER t/a Miller Brothers v.
MAYOR AND CITY COUNCIL OF
BALTIMORE ET AL.

[No. 460, September Term, 1970.]

*Decided June 3, 1971.*

The cause was argued before HAMMOND, C. J., and BARNES, MCWILLIAMS, FINAN and SINGLEY, JJ.

*Benjamin G. Miller* for appellants.

*Clayton A. Dietrich, Chief Assistant Solicitor*, and *William Hughes, Assistant City Solicitor*, with whom was *George L. Russell, Jr., City Solicitor*, on the brief, for appellees.

FINAN, J., delivered the opinion of the Court.

Meyer A. Miller and Louis L. Miller, t/a Miller Brothers, appellants, were partners conducting a wholesale wearing apparel business from rented premises at 17 East Lombard Street, Baltimore, Maryland. In 1962 they entered into a four year, eleven month lease (with a right of renewal for an additional five years). The lease contained the provision that the landlord had the right to sell the premises and that in the event of condemnation by public authority, the lease would terminate on six months' notice.

In July, 1968, the Mayor and City Council of Baltimore (in furtherance of property acquisition for the Inner Harbor Project) and the Department of Housing and Community Development, both appellees, and hereafter jointly referred to as the City, filed a condemnation suit against the landlord, mortgagees and the appellants. The suit was settled prior to trial. Thereafter, the appellants, their 1962 lease having been terminated, became tenants under a new lease with the City dated February 3, 1969. This lease expressly provided that the appellants would quit the premises within 90 days but may be allowed to remain on a month to month basis thereafter. In the interim, in anticipation of obtaining a permanent business location, the appellants entered into a new lease for premises located at 113 South Gay Street, which is in the same general location as their former place of business.

After the move was made to the new location the appel-

lants negotiated with the City for relocation expenses which are distributed from federal funds. The appellants made application for reimbursement for relocation expenses by completing and submitting forms supplied by the federal government. The appellants held extensive conferences and negotiations with the City in connection with their claim for reimbursement of relocation expenses and losses they would have sustained as a result of being forcibly evicted from their former location.

The City issued a check payable to the appellants in the amount of $5,945.00 in full payment of moving costs and requested a release of all claims which were not authorized under federal laws and regulations. The appellants refused to accept the check for $5,945.00 in full payment of their claim, evincing however, a willingness to accept the check in part payment but insisting upon the payment of an additional sum in the amount of $6,650.95, for a total claim of $12,595.95. When an amicable settlement was not forthcoming the appellants filed a petition for a writ of mandamus against the City in the Baltimore City Court.

The petition recites the various negotiations and conferences with the City and the demands made by the appellants for relocation costs and losses, of an unliquidated nature, sustained as a result of their being required to vacate the premises. The petition further states that the action of the City in refusing to issue checks totaling $12,595.95 (the $5,945.00 for moving costs, plus $6,650.95 representing the unliquidated claim for damages), is "illegal, arbitrary and beyond the defendants' powers as administrative officials of the City and denies the petitioners due process of law and their rights under the Fifth Amendment of the Constitution of the United States," i.e. the taking of their property without just compensation. The petition also contains a prayer for general relief.

The City filed a demurrer to the petition and after a short hearing in chambers, Cole, J., sustained the City's demurrer without leave to amend. It is from this ruling

that the appellants have taken this appeal.[1] We affirm the ruling of the lower court.

Many years ago in *George's Creek Coal & Iron Co. v. Allegany County Commissioners*, 59 Md. 255 (1883), Judge Alvey (later Chief Judge), writing for the Court described the remedy of mandamus as follows:

> "Its office, as generally used, is to compel corporations, inferior tribunals, or public officers to perform their functions, or some particular duty imposed upon them which in its nature is imperative, and to the performance of which the party applying for the writ has a clear legal right. The process is extraordinary, and if the right be doubtful, or the duty discretionary, or of a nature to require the exercise of judgment, or if there be any ordinary adequate legal remedy to which the party applying could have recourse this writ will not be granted." 59 Md. 259.

In *Mahoney v. Supervisor of Elections*, 205 Md. 325, 335, 108 A. 2d 143, 147 (1954), we said: "It is an accepted general rule that *mandamus* is the proper remedy to compel a public officer to perform a ministerial duty, * * *." To similar effect see also *McNulty v. Board of Elections*, 245 Md. 1, 9, 224 A. 2d 844 (1966), wherein an employee of the election board made an administrative mistake preparing election machines and where, although not allowing the relief requested, we held it was a proper type of suit for mandamus, and *Murray v. Curlett*, 228 Md. 239, 243-244, 179 A. 2d 698 (1962), *rev'd on other grounds*, 374 U. S. 203 (1963) (the famous school prayer case). Again, in Poe, *Pleading and Practice*, Vol. 2, § 710, p. 669 (Tiffany's Ed.) we find emphasis placed on the qualification that for mandamus to lie, the duty of the official, the performance of which is sought, must be "a merely ministerial act in which the applicant has a sufficient interest."

1. No opinion was filed by the lower court.

It is quite obvious from reading the petition of the appellants that what they are requesting of the City officials involves far more than a ministerial act. They frankly state that they are seeking unliquidated damages of a substantial amount, concerning which there has been extensive conferences and negotiation between them and the officials involved. There is no question but that the claim is a contested claim. To grant the appellants' relief by mandamus would do violence to the qualifications placed on the issuance of the writ by the Maryland cases.

It is also noted that the petition ends with a prayer for general relief, which prompts us to cite *District Heights v. County Commissioners of Prince George's County,* 210 Md. 142, 122 A. 2d 489 (1956), wherein we stated:

> "However, mandamus, while resembling in some respects a decree in equity for specific performance, is a common-law process issued for the special purpose indicated in the writ, and the relief prayed cannot be modified according to circumstances, such as under a prayer for general relief in a bill in equity. * * *" 210 Md. 146.

Additionally, "Our predecessors have held that when the petitioner has a specific and adequate remedy to meet the justice of the particular case, the writ of mandamus will not issue." *Agrarian, Inc. v. Zoning Inspector of Harford County,* 262 Md. 329, 277 A. 2d 591; *Gray v. Warden,* 247 Md. 724, 727, 234 A. 2d 603 (1967); *Fulker v. Baltimore County,* 156 Md. 408, 411, 144 A. 640 (1929); and *Water Co. v. Westminster,* 98 Md. 551, 555, 56 A. 990 (1904). We mention these cases because in the argument of this case before this Court it became apparent, that if not barred by limitations, the appellants may have a statutory remedy available to them. Maryland Code (1971 Repl. Vol.), Art. 33A, § 12. Cf. *Tanner v. McKeldin,* 202 Md. 569, 577, 97 A. 2d 449 (1953).

*Judgment affirmed, appellants to pay costs.*